**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**Civil Action No. 1:18-cv-00287**

FILED
MAY 14 2018
Clerk U.S. District Court
Greensboro NC
BY

| | |
|---|---|
| JASON W. CARTWRIGHT, ) | |
| Administrator of the Estate of ) | |
| JAMES RAY CARTWRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SSC YANCEYVILLE OPERATING ) | **BRIEF IN SUPPORT OF** |
| COMPANY, LLC; ) | **MOTION TO REMAND** |
| SMV YANCEYVILLE, LLC; ) | |
| SAVASENIORCARE ) | |
| ADMINISTRATIVE SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

### INTRODUCTION

Pursuant to Rules 7.2 and 7.3(f) of the Rules for the United States District Court for the Middle District of North Carolina, Plaintiff, Jason W. Cartwright (Cartwright), through undersigned counsel, files this Brief in support of his accompanying Motion to Remand. For the reasons set forth here, Cartwright requests that this court remand this action to the Superior Court for Person County, North Carolina, and that it order the removing Defendants and their attorneys to pay all Plaintiff's costs and expenses, including attorney's fees, incurred because of the wrongful removal of this action. Cartwright's Motion to Remand is incorporated here by reference.

In this action Cartwright asserts two separate Causes of Action under state law, for wrongful death and medical malpractice, respectively, against all of the named Defendants.

1

On April 12, 2018, Defendants SSC Yanceyville Operating Company, LLC ("SSC Yanceyville") and SavaSeniorCare Administrative Services, LLC ("Admin. Services"), filed a Notice of Removal with this court, alleging that complete diversity exists. On that same day Defendant SMV Yanceyville, LLC ("SMV") filed a Consent to and Joinder in Notice of Removal.

## STATEMENT OF FACTS

The Causes of Action asserted by Cartwright arise from the actions and omissions of the Defendants and their agents and employees toward Cartwright's decedent, James Ray Cartwright, while he was a resident at the Brian Center, a private nursing home in Yanceyville, North Carolina.

Cartwright asserts that the Defendants were operating and doing business in North Carolina as the Brian Center (Complaint, ¶ 12), that the Brian Center, by and through its employees and agents, was acting within the course and scope of its responsibilities and duties as the agent or subsidiary of the Defendants, and that all such actions are imputed to the Defendants. (Complaint, ¶ 16.)

This action stems from allegations that the decedent had multiple falls at the Brian Center, that personnel at the Brian Center failed to react, intervene and care for the decedent to prevent such falls, that the decedent was not provided adequate nutrition and hydration while he was a resident at the Brian Center, and that the Defendants failed to provide proper medical care to the decedent. (Complaint, ¶¶ 24-28.)

Cartwright has alleged that SSC Yanceyville is a limited liability company that was formed pursuant to Delaware law, is registered to conduct business in North Carolina, and maintains its principal place of business in North Carolina. (Complaint, ¶ 3.)

Cartwright has alleged that SMV is a limited liability company that was formed pursuant to Delaware law, is registered to conduct business in North Carolina, and maintains its principal place of business in the State of New York. (Complaint, ¶ 4.)

Cartwright has alleged that Admin. Services is a limited liability company that was formed pursuant to Delaware law, regularly conducts business in North Carolina, and maintains its principal place of business in the State of Georgia. (Complaint, ¶ 5.)

Cartwright incorporates here by reference his entire Complaint.

## QUESTIONS PRESENTED

I. Whether this Action Must Be Remanded Because of an Untimely Notice of Removal?

II. Whether this Action Must Be Remanded Because There Is Not Complete Diversity of Citizenship?

## ARGUMENT

### I.  Because of an Untimely Notice of Removal, Removal Was Improper and This Action Must Be Remanded to State Court

A notice of removal of a civil action or proceeding must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1).

3

As stated in the Notice of Removal and its Exhibit 3, SSC Yanceyville was served with process on March 12, 2018. The thirty-day period running from March 12, 2018 expired on April 11, 2018. The Notice of Removal was not filed until the next day, April 12, 2018, that is, the thirty-first day after SSC Yanceyville was served with process. Thus, the Notice of Removal was untimely and of no effect. This requires a remand to state court of all of the claims against all Defendants.

All defendants who must join in or consent to a removal petition must do so within 30 days of service of process; although the requirement for timely filing is not jurisdictional, it is mandatory. *Mason v. Int'l Bus. Machines, Inc.*, 543 F. Supp. 444 (M.D.N.C. 1982); *Robinson v. LaChance*, 209 F. Supp. 845 (E.D.N.C. 1962) (The statutory period of time within which cases may be removed from state to federal courts is mandatory and federal courts cannot permit removal after the statutory period has expired).

As the Fourth Circuit has found, there is no federal jurisdiction, and removal is improper, when, as in the instant case, even one of multiple defendants does not join in, file his own, or consent to, a removal petition within 30 days of service:

> *All defendants must unanimously join in or consent to a removal action within 30 days of receiving service of the complaint. Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service.* See Mason v. International Business Machines, Inc., 543 F.Supp. 444 (M.D.N.C.1982); Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825 (S.D.Tex.1981); McKinney v. Rodney C. Hunt Co., 464 F.Supp. 59 (W.D.N.C.1978). Here, because one of the defendants-Kim Howard-never joined in, filed his own, or officially and unambiguously consented to, a removal petition, the case should not have been removed from state court.

4

*Wilkins v. Corr. Med. Sys.*, 931 F.2d 888 (4th Cir. 1991) (emphasis added) (unpublished opinion; under Fourth Circuit Rule 32.1, citation of unpublished dispositions issued prior to January 1, 2007, is allowed if a party believes that the opinion has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well.)

The Notice of Removal in this case states that thirty days had not elapsed since SSC Yanceyville was served with process " . . . or first became aware that federal jurisdiction exists." The quoted language is not in the governing statutory provision, 28 U.S.C. § 1446(b)(1). Section 1446(b)(3) has language concerning when it may first be ascertained that the case is one which is or has become removable, but that language only applies when the case is not removable at first, but becomes so due to a later amendment:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Section 1446(b)(3) is not applicable here so as to give SSC Yanceyville more time in which to file a Notice of Removal. The Complaint has not been amended at all, much less in such a manner as to make the action arguably removable when it was not so as originally filed. Thus, SSC Yanceyville did not have any additional time beyond the thirty-day period in which to file a Notice of Removal, based on allegedly first becoming aware of arguable federal jurisdiction at some later point in time.

5

In short, SSC Yanceyville was required to file a Notice of Removal no later than April 11, 2018, as mandated by statute. It did not do so, and for that reason all of the Causes of Action, against all of the Defendants, must be remanded to state court.

## II. Because Defendants Have Not Proven That There Is Complete Diversity of Citizenship Among the Parties, Removal Was Improper and This Action Must Be Remanded to State Court

Assuming only for argument's sake that the Notice of Removal was timely, a remand to state court is nonetheless required on the grounds that there is not complete diversity of citizenship, and therefore there is no federal jurisdiction over this matter.

If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293 (4th Cir. 2008); *Andrews v. Daughtry*, 994 F. Supp. 2d 728 (M.D.N.C. 2014). In this case, the Defendants have not met their burden of demonstrating this Court's jurisdiction over this case on the grounds of diversity of citizenship.

A case falls within a federal district court's "original" diversity "jurisdiction" under 28 U.S.C. § 1332 only if the diversity of citizenship among the parties is complete, that is, only if there is no plaintiff and no defendant who are citizens of the same state. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998); *Doe v. Bayer Corp.*, 344 F. Supp. 2d 466 (M.D.N.C. 2004).

6

As stated by the Defendants, federal courts considering the issue have held that the citizenship of a limited liability company for diversity purposes is determined by the citizenship of each and all its members. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101 (4th Cir. 2011); *Triad Motorsports, LLC v. Pharbco Mktg. Grp., Inc.*, 104 F. Supp. 2d 590 (M.D.N.C. 2000). (In contrast to an LLC, " . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ". 28 U.S.C. § 1332(c)(1); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163 (4th Cir. 2014) (For purposes of diversity jurisdiction, the phrase "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities; this is the corporation's "nerve center.")).

The Defendants' analysis of this issue is, at best, incomplete, such that they have not met their burden of proof. As set out in paragraphs 5 and 6 of the Notice of Removal, the Defendant LLCs are described as each having a sole member which (with the exception of Terpax, Inc., a Delaware corporation with its principal place of business in Tennessee) is also an LLC. Such member LLCs, in turn, are also described as having one member, which is yet another LLC. The Defendants thus failed to complete the analysis by identifying *all* members of any of these LLCs who may be relevant for purposes of diversity of citizenship, including any natural persons or business entities other than LLCs. If the Defendants' short-cut logic in the Notice of Removal is accepted, then there is no "citizenship" at all among the

7

entities it has identified (with the exception of Terpax, Inc.), because the citizenship of an LLC is that of its members, each of which is just another LLC.

In the context of diversity jurisdiction, it is settled law that the citizenship of the members of a limited liability company (LLC) is "traced all the way through", that is, when a member of an LLC is itself an LLC, the citizenships of the members of that LLC are relevant for diversity purposes, and so on. *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191 (D.D.C. 2017). An LLC's members' citizenship must be traced through however many layers of members there may be. *Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649 (D.S.C. 2012); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015); *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760 (S.D. Tex. 2007).

This "tracing" requirement has also been described as requiring "a complete upstream analysis of its organizational structure" when a limited liability company's members themselves are unincorporated associations such as additional LLCs or limited partnerships, to determine the citizenship of the LLC for purposes of establishing diversity jurisdiction. *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856 (N.D. Okla. 2017). When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company; and because a member of a limited liability company may itself have multiple membersCand thus may itself have multiple citizenshipsCthe federal court needs to know the citizenship of each sub-member as well. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003 (6th Cir. 2009).

The citizenship of a limited liability company is determined for purposes of federal diversity jurisdiction by the citizenship of natural persons who are members of the limited liability company, and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219 (S.D.N.Y. 2013). *See also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise, . . . we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.")

In *Reid v. The Wailers*, 606 F. Supp. 2d 627 (E.D. Va. 2009), for example, complete diversity for federal jurisdictional purposes was lacking in a removed action originally brought by Virginia citizens in a Virginia state court. The defendant LLC and defendant musical performance group were both unincorporated associations with members who were Virginia citizens, and thus the LLC and the group had Virginia citizenship as well, destroying complete diversity.

In this case, it is likely, even probable, that a "complete upstream analysis" of the LLCs named in this lawsuit will reveal that at least one member or "sub-member" is a citizen of North Carolina, thereby destroying diversity of citizenship and any basis for removal of the case to federal court. The Brian Center itself is located in North Carolina, all of the Defendant LLCs conduct business in North Carolina, and all of the alleged negligence

9

occurred in North Carolina. It is to be expected that among the many members, sub-members and sub-sub-members of the named LLCs is at least one natural person or business entity that is a citizen of North Carolina. The Defendants have not established complete diversity of citizenship, as is their burden, because no such "tracing" analysis has been finished, and thus there has not been actual proof that there is complete diversity.

## CONCLUSION

For the foregoing reasons, and based on the foregoing authorities, Plaintiff submits that the Court should: (1) grant the Motion and remand this case to the Superior Court for Person County, North Carolina; and (2) order the removing Defendants and their attorneys to pay all Plaintiff's costs and expenses, including attorney's fees, incurred because of the wrongful removal of this action.

Dated: May 14, 2018.

Respectfully submitted,

/s/ Leslie O. Wickham, Jr.
Leslie O. Wickham, Jr.
State Bar No. 12672
Law Offices of Leslie O. Wickham, Jr.
3310 Croasdaile Drive, Suite 500
Durham, NC 27705
Phone: (919) 383-8332
Email: lowickham@wickhamlaw.com
Attorney for Plaintiff

10

## CERTIFICATE OF WORD COUNT

The word count for this Brief, including the body of the Brief and its headings, is 2,759. The Brief is in compliance with Rule 7.3(d)(1) of the Rules for the Middle District of North Carolina, in that it contains fewer than the limit of 6,250 words.

/s/ Leslie O. Wickham, Jr.
Leslie O. Wickham, Jr.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing document by filing the foregoing with the Clerk of Court using the Court's ECF system and by depositing a copy in the United States Mail, postage prepaid, and properly addressed to:

Carl Hagwood, Esquire
Michael E. Phillips, Esquire
Hagwood Adelman Tipton, PC
100 North Churton Street, Suite 204
Hillsborough, NC 27278
Attorneys for Defendants

This _14_ day of May, 2018.

/s/ Leslie O. Wickham, Jr.
Leslie O. Wickham, Jr.

11