IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JASON W. CARTWRIGHT, | ) | |
| Administrator of the Estate of | ) | |
| JAMES RAY CARTWRIGHT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV287 |
| | ) | |
| SSC YANCEYVILLE OPERATING | ) | |
| COMPANY, LLC, SMV YANCEYVILLE, | ) | |
| LLC, SAVASENIORCARE | ) | |
| ADMINISTRATIVE SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant SMV Yanceyville, LLC's Motion Dismiss, or, in the alternative, Motion for Summary Judgment [Doc. #7] and Plaintiff Jason W. Cartwright's Motion to Remand [Doc. #16]. Because Cartwright's Motion to Remand is granted, SMV Yanceyville, LLC's Motion is denied as moot.

I.

A.

In his Motion to Remand, Cartwright first challenges the timeliness of the Notice of Removal. (See Mot. to Remand.) He filed this wrongful death action on March 8, 2018 in Person County Superior Court. (See Compl. [Docs. #1-1, 9].) On March 12, 2018, the summons and a copy of the Complaint were served on SSC Yanceyville Operating Company, LLC ("SSC Yanceyville"), (Notice of Removal ¶ 11

[Doc. #1] (citing Ex. 3 at 2-12 [Doc. #1-3])), and SMV Yanceyville, LLC, ("SMV Yanceyville") (Consent to and Joinder in Notice of Removal ¶ 7 [Doc. #2] (citing to Ex. 2 [Doc. #2-2])). The following day, on March 13, 2018, the summons and a copy of the Complaint were served on SavaSeniorCare Administrative Services, LLC ("SavaSenior") (Notice of Removal, Ex. 3 at 13-23.) On April 12, 2018, SSC Yanceyville and SavaSenior filed a Notice of Removal, and that same day, SMV Yanceyville consented to and joined in that Notice of Removal. Cartwright argues that, because the Notice of Removal was not filed until the thirty-first day after SSC Yanceyville[1] was served, the Notice of Removal is untimely and remand "of all claims against all Defendants" is required. (Br. in Supp. of Mot. to Remand at 4-6 [Doc. #17].) Defendants responded collectively in opposition to the Motion.

In relevant part, 28 U.S.C. § 1446(b)(1) affords a defendant thirty days from the date of service to file a notice of removal. When there is more than one defendant, in an action such as this, all of them must join in or consent to removal and each has thirty days from the date it was served to file a notice of removal. 28 U.S.C. § 1446(b)(2)(A), (B). As is particularly applicable here, when "defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C.

---

[1] SMV Yanceyville also did not consent to and join in the Notice of Removal until thirty-one days after it had been served, but Cartwright singularly focuses on SSC Yanceyville's alleged untimely removal. Such singular focus has no effect on the outcome of his motion, though.

2

§ 1446(b)(2)(C).  This subsection of 28 U.S.C. § 1446 was enacted as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 760 and codified the last-served defendant rule that some courts had previously adopted. Alston v. Wells Fargo Bank, No. TDC-17-1085, 2017 WL 2839629, at *2 (D. Md. June 29, 2017).

Cartwright is correct that SSC Yanceyville did not file its Notice of Removal until thirty-one days after it was served with process.  Had it been the only defendant, removal would have been untimely.  However, as Defendants recognize, (see Resp. Br. at ¶¶ 10-15 [Doc. #21]), not only is SSC Yanceyville not the only defendant, but Defendants were served at different times.  SSC Yanceyville and SMV Yanceyville were served on March 12, while SavaSenior was served on March 13.  SavaSenior filed the Notice of Removal on April 12, thirty days after it had been served.  Its Notice of Removal is, therefore, timely. Although neither SSC Yanceyville nor SMV Yanceyville previously initiated removal, on April 12, they joined in and consented to SavaSenior's removal, thereby making their own actions timely. See 28 U.S.C. §1446(b)(2)(A)-(C).

B.

In the event Defendants' Notice of Removal were deemed timely, Cartwright next challenges Defendants' contention that there is complete diversity sufficient to support removal based on diversity jurisdiction. (Br. in Supp. of Mot. to Remand at 6-10.)  Defendants removed this action pursuant to 28 U.S.C. § 1441(a) which permits defendants to remove an action brought in state court over which the

3

federal district courts have original jurisdiction. Relevant to this case, 28 U.S.C. § 1332(a)(1) grants district courts original jurisdiction in actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States". "[T]he statutory formulation 'between . . . citizens of different States' . . . require[s] complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). In other words, "the citizenship of each plaintiff" must be diverse "from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Not only must there be complete diversity between plaintiffs and defendants, but no defendant can be a citizen of the state in which the action is brought, 28 U.S.C. § 1441(b)(2).

"For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members". Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). Here, the Notice of Removal alleges the citizenship of SSC Yanceyville, a limited liability company, by providing the citizenship of each member in its ownership chain. (Notice of Removal ¶ 5.) Its sole member, North Carolina Holdco LLC, is a Delaware limited liability company, which has one member, SSC Equity Holdings, LLC, a Delaware limited liability company. (Id.) SSC Equity Holdings, LLC has one member, Master Tenant Parent Holdco, LLC, a Delaware limited liability company, which has one member, SavaSeniorCare, LLC, also a Delaware limited liability company. (Id.) The sole member of SavaSeniorCare, LLC is Proto

4

Equity Holdings, LLC, a Delaware limited liability company, with one member, Terpax, Inc., a Delaware corporation with its principal place of business in Tennessee. (Id.)  Accordingly, SSC Yanceyville is a citizen of Delaware and Tennessee. (Id.)

The Notice of Removal similarly alleges the citizenship of SavaSenior, a Delaware limited liability company.  It has one member, Admin Parent Holdco, LLC[2], which has one member, SavaSeniorCare, LLC, a Delaware limited liability company with Proto Equity Holdings, LLC, a Delaware limited liability company, as its sole member. (Id. ¶ 6.)  As above, Proto Equity Holdings, LLC has one member, Terpax, Inc., a Delaware corporation with its principal place of business in Tennessee. (Id.)  Therefore, SavaSenior is a citizen of Delaware and Tennessee. (Id.)

SMV Yanceyville's Consent to and Joinder in Notice of Removal alleges that it is a Delaware limited liability company with one member "whose members are citizens of New York and New Jersey." (Consent to & Joinder in Notice of Removal ¶ 3.)

Cartwright argues that Defendants have "failed to complete the analysis by identifying all members of any of these LLCs who may be relevant for purposes of diversity of citizenship, including any natural persons or business entities other than LLCs." (Br. in Supp. at 7.)  He further argues, correctly so, that "when a

---

[2] The Notice of Removal does not provide the state under whose laws Admin Parent Holdco, LLC is recognized as a limited liability company.

5

member of an LLC is itself an LLC, the citizenships of the members of that LLC are relevant for diversity purposes, and so on." (Id. at 8.) He contends that a complete analysis "of the LLCs named in this lawsuit will reveal that at least one member or 'sub-member' is a citizen of North Carolina". (Id. at 9.)

Title 28 U.S.C. § 1446(a) requires that a notice of removal "contain[] a short and plain statement of the grounds for removal", which the Fourth Circuit has described as "deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure", Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199 (2008). Nevertheless, once a plaintiff challenges those jurisdictional allegations, "the removing party bears the burden of demonstrating that removal jurisdiction is proper." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008). Relevant here, Defendants have "the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse." Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 748 (4th Cir. 2016).

To demonstrate that removal jurisdiction is proper here, SSC Yanceyville and SavaSenior rely on the sworn testimony of Wynn Sims whose affidavit they submitted in support of their Notice of Removal. (Resp. Br. ¶¶ 21, 23, 24 (citing to Aff. of Wynn G. Sims (Apr. 10, 2018) [Doc. #1-2]).) Paralleling the information in the Notice of Removal, Sims attests to the citizenship of each member of each successive limited liability company until the chain ends with Terpax, Inc. and ultimately avers that SSC Yanceyville and SavaSenior are both citizens of Delaware

6

and Tennessee, (Aff. of Sims ¶¶ 2-13), because Terpax, Inc. is a Delaware corporation with its principle place of business in Tennessee, (id. ¶¶ 9, 13; see also 28 U.S.C. § 1332(c)(1) (providing basis for corporation's citizenship)).

While SSC Yanceyville and SavaSenior have demonstrated that they are not citizens of North Carolina, SMV Yanceyville has not, despite having been afforded a second opportunity to do so. In response to the motion to remand, Defendants contended that they "provided sworn testimony establishing the identity and citizenship of each LLC member", (see Resp. Br. ¶¶ 2, 21), but they did not do so for SMV Yanceyville. To demonstrate its citizenship, Defendants initially cited to the Affidavit of Wayne Craig filed in support of SMV Yanceyville's Motion to Dismiss and its Corporate Disclosure Statement. (See Resp. Br. ¶ 25.) Unlike Wynn Sims who attested to the citizenship of each member of each LLC related to the other two defendants, Craig did no such thing, likely because his affidavit was not submitted for purposes of establishing removal jurisdiction, but instead in support of an unrelated motion. Craig did aver that SMV Yanceyville "is a Delaware limited liability company", but he provided no information about how many members the company has or the citizenship of any member. (See Aff. of Wayne Craig (Apr. 4, 2018) [Doc. #8-2].) The Corporate Disclosure statement was of no further assistance, as it similarly only stated, in relevant part, that "SMV Yanceyville, LLC is a Delaware limited liability company." (Corp. Disclosure Statement ¶ 2 [Doc. #5].) Other than Defendants' Response Brief, the only document that even asserted the citizenship of any member of SMV Yanceyville is

7

its Consent to and Joinder in Notice of Removal, which Cartwright challenges and which appeared self-contradictory. (See Consent to & Joinder in Notice of Removal ¶ 3 (SMV Yanceyville, LLC "is a single member limited liability company formed under the laws of the state of Delaware whose members are citizens of New York and New Jersey.") (emphasis added); see also Resp. Br. at ¶ 25 (arguing the same without support).)

Because SMV Yanceyville was under the impression that it had provided sworn testimony demonstrating its citizenship when, in fact, it had not, it was afforded the opportunity to do so. In response, SMV Yanceyville submitted a second affidavit from Wayne Craig. (See Aff. of Wayne Craig (Nov. 28, 2018) [Doc. #23].) Unfortunately, the supplemental information creates as many new questions as it answers old ones. Craig traces the company's citizenship through that of its LLC member and that LLC's member and so on until he reaches the five LLCs that are members of SMV Property Holdings LLC – CAM-ELM Company LLC, Solomon Asset Holdings, LLC, MADA Holding LLC, RJM Health LLC, and UB LLC, (see Aff. ¶¶ 5-11). It is his identification of the member(s) of each of these five LLCs that falls short.

He identifies eight natural persons as members of CAM-ELM Company LLC but only describes them as "residents" of New York and New Jersey. (Id. ¶ 12; see also id. ¶ 14 (identifying the natural person member of MADA Holding LLC as "an adult resident citizen" of New York), ¶ 15 (identifying the natural person member of RJM Health LLC as "an adult resident citizen" of New York).) "As the

8

Supreme Court has consistently held, . . . state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998) (international citation omitted). "Domicile requires physical presence, coupled with an intent to make the State a home." Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008). Neither has Craig averred nor has SMV Yanceyville otherwise shown the state of domicile for any of these natural persons. Accordingly, the assertion of their residence, standing alone, is insufficient.

Next, Craig identifies one member of Solomon Asset Holdings, LLC as The George Trust LLC without providing the citizenship of that LLC's member(s). (Id. ¶ 13.) SMV Yanceyville is well aware of the need to provide that LLC's membership, but failed to do so.

Craig identifies the other member of Solomon Asset Holdings, LLC as the Cohen Family Descendants Successor Trust without any averment of its citizenship or information about the trust to support a finding of its citizenship. (Id.) When he identifies the member of UB LLC as another trust, he describes it as a New York trust with its principal place of business there without providing any information about the trust to support the assertion that the trust is properly considered to be a citizen of New York. (Id. ¶ 16.) The citizenship of a trust has been a thorny issue for decades, most recently addressed in Americold Realty Trust v. Conagra Foods,

9

Inc., ___ U.S. ___, 136 S. Ct. 1012 (2016). In Americold, the Court determined that the citizenship of a real estate investment trust, created by Maryland law as an unincorporated business trust or association that could sue or be sued, was that of all of its members. Id. at 1015-16. The Court distinguished Maryland's real estate investment trust from a traditional trust which historically was not considered a separate legal entity, could not be haled into court, and required a suit in the name of its trustee whose citizenship was all that mattered for diversity jurisdiction. Id. at 1016. "Many States", though, the Court recognized, "have applied the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template." Id.

Approximately two months after Americold, the Fourth Circuit Court of Appeals faced the question of a trust's citizenship for diversity jurisdiction, but found Americold less than clear about how to determine the citizenship of a trust other than one like Maryland's real estate investment trust and ultimately avoided answering the question. Zoroastrian Ctr., 822 F.3d at 749-50. Since then, other courts of appeals have applied Americold and found that the citizenship of a business trust is determined based on the citizenship of its members, while the citizenship of a traditional trust is based on the citizenship of its trustee. See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 32, 39-41 (3d Cir. 2018) (also providing steps to distinguish a traditional trust from a business trust); Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 722, 725-31 (2d Cir. 2017) (also distinguishing business and traditional trusts); Wang v. New Mighty

U.S. Trust, 843 F.3d 487, 489-95 (D.C. Cir. 2016) (also defining traditional trust). Here, neither does Craig aver nor does SMV Yanceyville otherwise provide any information about the trust that is a member of Solomon Asset Holdings, LLC such that its citizenship can be determined. Similarly, although Craig asserts that the trust member of UB LLC is a New York trust with its principal place of business in New York, that information is not of the type that informs the Court's analysis of the trust's citizenship. As such, there is no information before the Court to determine the citizenship of either trust member of the LLCs.

Finally, among the members of MADA Holding LLC is the Estate of Burton Koffman. (Aff. of Craig ¶ 14.) However, Craig makes no averment as to the citizenship of the estate, nor provides any information that would support a finding of its citizenship. See 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent".); Samantar v. Yousuf, 560 U.S. 305, 315 (2010) (noting that 28 U.S.C. § 1332(c) refers to the citizenship of estates).

In sum, the record before the Court from which the citizenship of the members of CAM-ELM Company LLC, Solomon Asset Holdings, LLC, MADA Holding LLC, RJM Health LLC, and UB LLC could be determined is insufficient. Despite having been afforded two opportunities to meet its burden, SMV Yanceyville has not shown that removal was proper because it has not shown that there is complete diversity of citizenship between Cartwright and Defendants. Accordingly, the matter must be remanded to state court.

C.

As part of his motion to remand, Cartwright has requested that Defendants pay his "costs and expenses, including attorney's fees, incurred as a result of the removal". (Mot. to Remand ¶ 6.) Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The Supreme Court has explained that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case", but a court's "reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)." Id. at 141. These purposes include "deter[ring] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

Despite requesting that the Court order Defendants to pay his costs and expenses, Cartwright makes no argument in support of such an award, (see generally Br. in Supp. of Mot. to Remand), and, therefore, missed an opportunity to convince the Court of the objective unreasonableness of Defendants' removal. Certainly, Cartwright incurred costs resulting from Defendants' removal, including

12

responding to SMV Yanceyville's motion to dismiss and filing his own motion to remand. However, although remand is required, Defendants' removal had an objectively reasonable basis. SSC Yanceyville and SavaSenior demonstrated that they are completely diverse from Cartwright even though SMV Yanceyville ultimately did not. Furthermore, there is nothing before the Court to support a finding that unusual circumstances exist to support an award of costs and expenses pursuant to § 1447(c).

II.

For the reasons explained above, IT IS HEREBY ORDERED that Plaintiff Jason W. Cartwright's Motion to Remand [Doc. #16] is GRANTED IN PART in that this action is REMANDED and DENIED IN PART with respect to Cartwright's request for costs and expenses. IT IS FURTHER ORDERED that Defendant SMV Yanceyville, LLC's Motion to Dismiss [Doc. #7] is DENIED AS MOOT.

This the 19th day of December, 2018.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge